[Civ. No. 13719. Second Dist., Div. Two. Dec. 8, 1942.]

THE PEOPLE, Respondent, v. ROSE McGONIGLE, Appellant.

Claude B. Morton for Appellant.

Earl Warren, Attorney General, Frank Richards, Deputy Attorney General, John F. Dockweiler, District Attorney, and Jere J. Sullivan and Russell M. Broker, Deputies District Attorney, for Respondent.

WOOD (W. J.), J.—Defendant has appealed from a judgment entered against her in an action commenced by the district attorney of Los Angeles County under the provisions of the Red Light Abatement Act (Stats. 1913, p. 20; Deering's Gen. Laws, 1937, Act 6161). Pursuant to the provisions of this act the trial court ordered that "the hotel building

erected thereon numbers 3327-3329 East 45th street known as the Stockyards Hotel'' be closed for the period of one year and that the furniture and fixtures located upon the premises be sold as provided by law.

Abundant proof was presented to establish that prostitution was practiced on the premises for a period of about four years from September, 1937, to August, 1941. Defendant contends that there are two separate buildings on the premises in question; that number 3327 East 45th Street was not used for the purpose of prostitution after the early part of 1940; and that the practice of prostitution at number 3329 had ceased before the commencement of the action. It is especially contended that if any order is made in the action it should be confined to number 3329.

Section 2 of the act provides: ''Every building or place used for the purpose of lewdness, assignation or prostitution and every building or place wherein or upon which acts of lewdness, assignation or prostitution are held or occur, is a nuisance which shall be enjoined, abated and prevented as hereinafter provided, whether the same be a public or private nuisance.'' In section 1 it is provided: ''The term 'building,' as used in this act shall be deemed and held to mean and include so much of any building or structure of any kind as is or may be entered through the same outside entrance.''

Defendant employed a number of girls to carry on prostitution in the Stockyards Hotel, taking for herself one-half of the receipts of each prostitute. After police officers made a number of arrests of the prostitutes defendant informed the prostitutes that because of these arrests she would convert a store-room into three or four bedrooms and they could continue their operations. Alterations were made and the prostitutes were established in what is referred to as the ''annex,'' which was given the number 3329 East 45th Street. A separate entrance was provided for the ''annex'' and no means was provided for passage between the annex and the rest of the premises except through the outside doors. Defendant occupied a room in number 3327 which was adjoining the annex and frequently communicated with the prostitutes by knocking on a thin partition and inquiring of them if things were all right. It was established that defendant operated the entire premises from her office at number 3327 and there

received the money turned in by the prostitutes. At the time of her arrest the officers found in her apartment large quantities of material and equipment shown to be in common use in houses of prostitution. We are satisfied that the evidence is sufficient to support the trial court's finding that the entire premises, the old part of the structure as well as the annex, were used for the purpose of prostitution.

 There is no merit in the contention of defendant that the judgment is erroneous because of the alleged voluntary abatement of the nuisance by defendant prior to the filing of the action. Defendant was arrested on August 26, 1941, on the charge of pandering, and the action was filed on September 5, 1941. It was shown in evidence that on a number of occasions prostitutes had been arrested for their activities on the premises but after brief intervals the practice was continued. It had been a custom of defendant to pay fines for the prostitutes and thereafter permit them to practice prostitution on the same premises. The period of ten days between the arrest of defendant and the filing of the complaint was not an unreasonable period for the marshalling of the facts and the preparation of the pleadings.

The appeal from the order denying a new trial is dismissed. The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 4, 1943.